UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALEK BOUZID ALIANE,

        Plaintiff,

v.                                    Case No. 8:19-cv-660-T-60SPF

CHASE AUTO FINANCE CORP.,
EXPERIAN INFORMATION SOLUTIONS,
INC. and TRANS UNION LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

      Before the Court is *pro se* Plaintiff Malek Bouzid Aliane's motion for default judgment (Doc. 52) against Defendant Chase Auto Finance Corp. ("Chase Auto"). For the reasons stated below, the undersigned recommends that the motion be denied.[1]

    *I.    Procedural History*

      Plaintiff filed his amended complaint against Defendants Chase Auto, Experian, and Trans Union on July 22, 2019 (Doc. 19).[2] In a nutshell, Plaintiff alleges his identity was stolen while he was incarcerated in federal prison in Ohio, and the thief – posing as Plaintiff – applied for, obtained, and eventually defaulted on a $29,000.50 car loan through Chase Auto (*Id*. at ¶¶ 9-11). The fraudster obtained the loan on April 14, 2015; Plaintiff allegedly learned of the identity theft and the loan for the first time in March 2016 (*Id*. at ¶¶ 9, 12). Despite his

_____

[1] The district judge referred this matter to me for a report and recommendation. *See* 28 U.S.C. § 636.

[2] In his initial complaint, Plaintiff sued Chase Auto and Equifax (Doc. 1). After settling with Equifax, Plaintiff filed an amended complaint with the Court's permission, naming Trans Union and Experian as Defendants in addition to Chase Auto (*see* Docs. 13, 15-16).

incarceration, Plaintiff worked with prison officials to report the incident to Columbus, Ohio police, as well as to Defendants (*Id.* at ¶¶ 12-14). Although Plaintiff disputed the debt, Chase Auto continued to report it to Experian and Trans Union (*Id.* at ¶¶ 18, 21-22). Plaintiff avers his credit score, good before this fraudulent activity, is not good anymore (*Id.* at ¶¶ 25-26). Plaintiff was released from prison in September 2018 and alleges he has been denied credit or extended credit at very high interest rates since then (*Id.* at ¶¶ 20, 26).

Plaintiff sued Defendants in March 2019 for negligence, defamation, and violations of the Fair Credit Reporting Act (Doc. 1). In December 2019, he settled his claims against Defendants Experian and Trans Union (*see* Docs. 44, 46-47). At the parties' request, the Court dismissed Plaintiff's claims against these Defendants with prejudice (Docs. 48-49). Remaining are Plaintiff's claims against Chase Auto, which has not responded to Plaintiff's amended complaint or otherwise entered an appearance in this case. Plaintiff obtained a clerk's default against it in November 2019 (Doc. 36). At this juncture, Plaintiff moves for a default judgment against Chase Auto under Fed. R. Civ. P. 55.

## II.    *Legal Standard*

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court may enter a default judgment against the defendant for not appearing. *See* Fed. R. Civ. P. 55(b). "A defendant's default does not in itself warrant the court in entering a default judgment."

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]  The court has "an obligation to assure that there is a legitimate basis for any award it enters, and then assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond [.]"  *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Before entering a default judgment, the court customarily takes evidence or considers facts from the record to determine damages, conduct an accounting, establish the truth of any allegation, or investigate any other matter.  *See* Fed. R. Civ. P. 55(b); *Pope v. United States*, 323 U.S. 1, 12 (1944); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206); *see Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

III.    *Discussion*

Plaintiff requests the Court enter a default judgment against Chase Auto for $45,000 plus interest (Doc. 52-1).  Without reaching the merits of Plaintiff's motion, the Court finds that Plaintiff has not properly served Chase Auto with process.  Without proper service of process, the Court has no personal jurisdiction over Chase Auto.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Where service of process is insufficient, the court has no power to render judgment and the judgment is void.  *In re Worldwide Web Sys., Inc.*, 328

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

F.3d 1291, 1298 (11th Cir. 2003).  The party effecting service of process has the burden of establishing its validity.  *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980); *Pinkston v. Univ. of S. Fla. Bd. of Tr.*, No. 8:18-cv-2651-T-33SPF, 2019 WL 93377, at *2 (M.D. Fla. Jan. 3, 2019).

Rule 4 of the Federal Rules of Civil Procedure provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law regarding service.  Fed. R. Civ. P. 4(e), 4(h)(1)(B).  Florida law requires strict compliance with a statutorily constructed "hierarchy of individuals upon whom process against a corporation may be served."  *S.T.R. Indus., Inc. v. Hidalgo Corp.*, 832 So. 2d 262, 263-64 (Fla. 3rd DCA 2002).  Florida Statutes Section 48.081 provides:

> (1)     Process against any private corporation, domestic or foreign, may be served:
>> (a) On the president or vice president, or other head of the corporation;
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or director or business agent residing in the state.

Fla Stat. § 48.081(1)(a)-(d).  Alternatively, a plaintiff can serve process on a corporation's registered agent, but if service cannot be made on the registered agent based on the corporation's failure to designate a registered agent pursuant to Fla. Stat. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."  Fla. Stat. § 48.081(3)(a).  This subsection,

however, applies only to corporations licensed or qualified to do business in Florida. *See S.T.R. Indus.*, 832 So.2d at 263.

Here, Plaintiff's return of service (Form USM-285) states that the United States Marshal served process on Chase Auto "c/o CT Corporation Systems[,] 1200 South Pine Island Rd., Plantation FL 33324" on September 18, 2019 (Doc. 25 at 1).[4] The deputy marshal remarked that she "personally served CT Corp System at listed address." (*Id.*) The summons (Form AO 440) lists the same Plantation, Florida address. But this is not the address listed for Chase Auto on the Florida Department of State Division of Corporations website.[5] *See* http://search.sunbiz.org/Inquiry/CorporationSearch (last visited May 28, 2020). A sunbiz.org public records search reveals a principal address for Chase Auto in Garden City, New York and a separate mailing address for the corporation in New York City. *Id.* Its five

---

[4] The Court granted Plaintiff *in forma pauperis* status, directed him to complete and return the USM-285 to the Clerk of Court, and directed the United States Marshal to serve Chase Auto at the address Plaintiff listed on the form (*see* Docs. 4, 21). "[*I*]*n forma pauperis* litigants should be entitled to rely on the . . . United States Marshal to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Courts in the Eleventh Circuit "liberally construe the filings of pro se litigants. Nevertheless, we still require them to comply with procedural rules, like the rules of service in Rule 4." *Pouyeh v. Pub Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 789-90 (11th Cir. 2017) (citations omitted).

[5] The Court takes judicial notice of record searches on the Florida Department of State's website, as it is the verified website of a public agency. The Federal Rules of Evidence allow a court to "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Public records are among the permissible facts that a district court may consider." *Univ. Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-cv-368-Orl-19GJK, 2012 WL 13103015, at *6 (M.D. Fla. Jan. 18, 2012) ("official documents from the Secretary of State possess the 'requisite level of reliability' required for a court to take judicial notice."). A court may take judicial notice of publicly filed corporate documents, "but such judicial notice must be for the purpose of noticing the statements therein, not to prove the truth of their contents." *ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, No. 8:19-cv-528-T-36AAS, 2019 WL 8273657, at *4 (M.D. Fla. Dec. 16, 2019) (citation and quotations omitted).

officers/directors list the Garden City address.  *Id*.  Under "Registered Agent Name & Address," subbiz.org lists "None."  *Id*.

A closer look through Chase Auto's subiz.org profile shows that its last filing with the State of Florida was in February 2012, when it filed an "Application by Foreign Corporation for Withdrawal of Authority to Transact Business or Conduct Affairs in Florida."  *Id*.  The Florida Secretary of State's office approved the application, which states:  "The corporation revokes the authority of its registered agent in Florida to accept service on its behalf and appoints the Department of State as its agent for service of process based on a cause of action arising during the time it was authorized to transact business or conduct affairs in Florida."  *Id*.

Based on these public records, the Court is unable to determine if Chase Auto was properly served.  Chase Auto was not authorized to conduct business in Florida when the fraudster allegedly took out the loan.  Neither was it authorized to transact business in Florida when Plaintiff attempted service.  Plaintiff was required to either follow the requirements of Fla. Stat. § 48.081(1) and show a diligent search for superior officers or demonstrate the necessity for substitute service on the Florida Secretary of State under Fla. Stat. § 48.181.[6]  *See S.T.R. Indus., Inc.*, 832 So.2d at 263.  He has not done so.

The validity of Plaintiff's service of process aside, there are additional deficiencies in Plaintiff's amended complaint:  based on Plaintiff's allegations, the Court cannot determine if this Court has personal jurisdiction over Chase Auto.  To determine whether it has personal

---

[6] Plaintiff attempted to serve his initial complaint on Chase Auto at the corporation's mailing address in New York (Doc. 8).  On the Form-285, the deputy marshal remarked:  "[the] location does not accept legal documents.  Unable to serve.  Needs new address if you want us to serve." (*Id.*).

jurisdiction over a nonresident defendant, the Court engages in a two-part analysis.  *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).[7]  The Court must first determine if the Florida long-arm statute provides a basis for personal jurisdiction.  *Id*.  If it does, the Court must then determine "whether sufficient minimum contacts exist between the defendant[ ] and the forum state so as to satisfy transitional notions of fair place and substantial justice under the Due Process Clause of the Fourteenth Amendment."  *Id*. (internal quotations omitted).

From Plaintiff's amended complaint, the Court cannot discern the extent of Chase Auto's contacts with Florida.  Plaintiff states that he lives in Tampa, and he alleges he corresponded with a Chase Auto representative in Phoenix (Doc. 19 at ¶ 13).  A comparison of the dates of this alleged correspondence with Plaintiff's prison release date shows that this correspondence occurred while Plaintiff was incarcerated in Ohio (*Id*. at ¶¶ 13, 20).  It is not clear from Plaintiff's allegations where the fraudster purchased the car, for example, or where the loan default occurred.  These are examples of minimum contacts between Chase Auto and Florida that Plaintiff's amended complaint must allege to establish that this Court has personal jurisdiction over Chase Auto.

IV.    *Conclusion*

Plaintiff has not met his burden of establishing the validity of his service of process on Chase Auto.  Without proper service of process, this Court has no personal jurisdiction over Defendant.  Without personal jurisdiction, the Court cannot enter a default judgment.  Additionally, even if Plaintiff re-serves Chase Auto in compliance with Florida's substitute

---

[7] Rule 4(e) requires the Court to look to the state long-arm statute to determine if it has personal jurisdiction over the nonresident defendant because the Fair Credit Reporting Act is silent as to service of process. *Id*.

service statute, Plaintiff's amended complaint does not sufficiently allege personal jurisdiction.  Under these circumstances, it is

**RECOMMENDED:**

(1) Plaintiff's motion for default judgment (doc. 52) be DENIED; and

(2) Plaintiff's claims against Defendant Chase Auto Service Corp. be DISMISSED WITHOUT PREJUDICE with leave for Plaintiff to file an amended complaint to correct the jurisdictional deficiencies.

**IT IS SO REPORTED** in Tampa, Florida, on May 29, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

cc:     Hon. Thomas B. Barber
        *pro se* Plaintiff
        Counsel of Record